UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| PIONEER HOTEL GROUP, INC., an Idaho corporation; and PINAL DOSHI, an individual,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CHOICE HOTELS INTERNATIONAL, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No.: 1:23-cv-00173-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER VENUE**<br><br>**(Dkt. 6)** |

　　　　Pending before the Court is Defendant Choice Hotel International, Inc.'s Motion to Dismiss Plaintiffs' Complaint for Improper Venue (Dkt. 6).  Having carefully considered the record and participated in oral argument, the Court denies the Motion because (i) there is a dispute between the parties over whether they entered into a franchise agreement, and (ii) without a franchise agreement, its arbitration clause cannot apply to dismiss this action in favor of arbitration.

### I. BACKGROUND

　　　　In December 2022, Defendant submitted a Demand for Arbitration to the American Arbitration Association ("AAA"), seeking damages from Plaintiffs (as well as non-party Mita Vagashia) for their alleged breach of an alleged franchise agreement between the parties. *See* Ex. A to Compl. (Dkt. 1-1).  Relevant here, Defendant claimed that the alleged franchise agreement dictated a dispute resolution procedure that involved arbitration – explaining why Defendant pursued its claims via arbitration in the first instance. *See id.*

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiffs, however, dispute that they ever entered into a franchise agreement with Defendants. To that end, on March 10, 2023, Plaintiffs appeared in the arbitration proceedings and filed an Objection to Jurisdiction and Motion to Dismiss (the "Objection"). *See* Ex. 5 to Lloyd Decl. (Dkt. 8-5). The Objection stated in pertinent part:

> Choice Hotels International, Inc. ("Choice Hotels") has brought a claim for breach of a franchise agreement against Pioneer and Doshi (collectively "Respondents"). Choice Hotels provided two pages of this lengthy agreement, claiming that it contains an arbitration clause binding on Respondents. *Pioneer has no record of the franchise agreement and Doshi is positive he never signed it. Neither of the Respondents operates a Choice Hotel branded hotel. Pioneer operates a single hotel through a competing franchisor; Doshi is a doctor who lives in California and has never run a hotel in his life. Since there is no evidence of an enforceable arbitration agreement between Respondents and Choice Hotels, this dispute is not arbitrable and the AAA lacks jurisdiction.*

*Id*. at 2 (emphasis added). That same day, Plaintiffs filed the instant action in Idaho state court. *See* Compl. (Dkt. 1-1). Plaintiffs' Complaint alleges that they never entered into a franchise agreement with Defendants and, thus, cannot be compelled to arbitrate based upon a non-existent agreement. *Id*. at ¶¶ 1, 9-10. In turn, Plaintiffs assert three interrelated claims against Defendant: (i) injunction against arbitration; (ii) declaratory relief; and (iii) abuse of process. *Id*. at ¶¶ 14-28.

Defendant promptly removed the state court action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Not. of Removal (Dkt. 1). A week later, Defendant filed its Motion to Dismiss. MTD (Dkt. 6). Therein, Defendant argues that Plaintiffs' claims should be dismissed on the grounds of improper venue because the parties' franchise agreement expressly requires that Plaintiffs' claims be resolved via arbitration before the AAA. *Id*. at 1; Mem. ISO MTD at 3-5 (Dkt. 7).

Plaintiffs predictably disagree. Consistent with the allegations in their Complaint, Plaintiffs argue that they never entered into a franchise agreement with Defendants in the first

**MEMORANDUM DECISION AND ORDER - 2**

place.  Opp. to MTD at 1, 4-5 (Dkt. 10).  Further, until it can be shown that such a franchise agreement exists between the parties (and that it contains an enforceable agreement to arbitrate), an arbitration cannot take place.  *Id.*  According to Plaintiffs, this Court should decide the threshold issue of whether a valid arbitration agreement even exists.  *Id*. at 3-5.

## II.  LEGAL STANDARD

For a Rule 12(b)(3) motion to dismiss, the Court need not accept facts set forth in the pleadings as true and may consider facts outside of them.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998)).  Nevertheless, contested facts bearing on the non-moving party's meaningful day in court must be resolved in the non-moving party's favor.  *Id*. at 1138.  If the facts proffered by the non-moving party are sufficient to overcome a challenge for improper venue, the non-moving party survives a Rule 12(b)(3) motion.  *Id*. at 1139.

## III.  ANALYSIS

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotation marks and citation omitted); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) ("[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration exists."); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564-65 (9th Cir. 2014) ("Under the [Federal Arbitration Act], the basic role for courts is to determine (i) whether a valid agreement to arbitrate exists and, if it does, (ii) whether the agreement encompasses the dispute at issue."); *SBP LLP v. Hoffman Constr. Co. of Am.*, 2022 WL 548226, at *5 (D. Idaho 2022) (in bench trial to determine whether parties agreed to arbitrate, concluding that court's role includes determining "whether a valid agreement to arbitrate exists" under ordinary state contract law).

**MEMORANDUM DECISION AND ORDER - 3**

Here, Defendant contends that the parties expressly agreed to arbitrate their disputes in a franchise agreement and related guaranty. Mem. ISO MTD at 3-4 (Dkt. 7). To support its claim, Defendant points to (i) a December 31 2018 franchise agreement "DocuSigned" by Plaintiff Pioneer Hotel Group, Inc.'s ("Pioneer") president, Mr. Vagashia, on December 28, 2018, and (ii) a December 31, 2018 guaranty "DocuSigned" by Mr. Vagashia on December 28, 2018, and Plaintiff Pinal Doshi on December 29, 2018. Exs. 1 & 2 to Lloyd Decl. (Dkts. 8-1 & 2). Defendant claims that, consistent with these documents, issues of arbitrability – like Plaintiffs' claims before this Court – should be resolved before the AAA. Mem. ISO MTD at 3-4 (Dkt. 7).

Except, Plaintiffs dispute the very *existence* of any franchise agreement or guaranty. Opp. to MTD at 5 (Dkt. 10) ("[A]rbitrability is not at issue here. At issue is whether there is an arbitration agreement in the first place. [Defendant] would have this Court simply assume that Plaintiff signed the franchise agreement without proving it."). To be sure, Mr. Doshi submits that he never signed or e-signed the guaranty, had never even seen the franchise agreement or guaranty before the arbitration started, does not believe Mr. Vagashia signed the franchise agreement or guaranty, and that both he and Mr. Vagashia are only passive investors in Pioneer and have nothing to do with its operations. Doshi Decl. at ¶¶ 3-8 (Dkt. 10-1) (declaration before the AAA). Plaintiffs further question the legitimacy of the produced franchise agreement and guaranty because they claim it cannot be authenticated. Opp. to MTD at 2 (Dkt. 10). They specifically argue that, because these materials were printed and then scanned as PDFs before sending them to Plaintiffs, any metadata that might help show their provenance was destroyed. *Id.* At bottom, according to Plaintiffs, without an agreement to arbitrate they cannot be compelled to arbitrate.

The parties' positions highlight a stark dispute of fact: namely, whether an agreement exists between the parties that compels arbitrating disputes. This issue is for the Court to resolve

**MEMORANDUM DECISION AND ORDER - 4**

upfront.  At this stage, construing as it must the contested facts and resolving all reasonable inferences in Plaintiffs' favor, the Court is not able to conclude as a matter of law that the parties entered into the franchise agreement and guaranty, or otherwise agreed to arbitrate.  The discovery process attendant to Plaintiffs' claims will undoubtedly shed more light on the subject and help dictate the course of proceedings.  Until then, Defendant's Motion to Dismiss is denied.

## IV.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant Choice Hotel International, Inc.'s Motion to Dismiss Plaintiffs' Complaint for Improper Venue (Dkt. 6) is DENIED.

DATED:  October 30, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge